IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA WAYNE BEVILL, | § | |
| Movant, | § | |
| | § | No. 3:16-cv-03152-B-BT |
| v. | § | No. 3:11-cr-00082-B (1) |
| | § | |
| UNITED STATES of AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Joshua Wayne Bevill, a federal prisoner, filed a *pro se* motion
to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. (CV ECF
No. 2; CR ECF No. 230.)[1] The District Court referred the resulting civil
action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b)
and a standing order of reference. For the following reasons, the Court
should deny Bevill's § 2255 motion.

**Background[2]**

_____

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV
ECF" refers to this civil action, case number 3:16-cv-03152-B-BT, and "CR
ECF" refers to the underlying criminal action, case number 3:11-cr-00082-
B (1).

[2] The Clerk received Bevill's § 2255 motion on November 10, 2016, and the
matter was fully-briefed and ripe for determination by July 18, 2017. On
January 26, 2018, the Court issued Special Order No. 3-316, providing that
all matters previously referred to Magistrate Judge Paul Stickney would be
automatically transferred to the undersigned magistrate judge. (CV ECF No.
21). On February 14, 2018, Bevill's copy of Special Order No. 3-316 was
returned to the Court as undeliverable—not deliverable as addressed—
unable to forward. (CV ECF No. 22.) Accordingly, the undersigned entered
findings and a recommendation that the Court dismiss Bevill's § 2255

The Fifth Circuit previously summarized the facts underlying Bevill's

convictions and sentence as follows:

> In November 2010, the Government charged Bevill in an
> information with engaging in securities fraud. The information
> alleged that "[b]eginning in or about November 2005 and
> continuing until in or about December 2008," Bevill used
> interstate commerce and the mails to fraudulently engage in the
> sale and purchase of securities. According to the information,
> Bevill used corporate names such as North Texas Partners and
> United Star Petroleum to fraudulently sell oil and gas
> investments to various individuals. Before the information was
> filed, Bevill signed a plea agreement ("the 2010 agreement")
> and factual resume admitting to the pertinent charged facts. In
> exchange for his plea, the Government agreed not to "bring any
> additional charges against the Defendant based upon the
> conduct underlying and related to the Defendant's plea of
> guilty."
>
> On March 23, 2011, the Government charged Bevill with the
> offenses at issue in this case [case number 3:11-cr-00082-B (1)].
> The indictment charged Bevill with committing wire fraud,
> securities fraud, and money laundering. The indictment alleged
> that "[b]eginning no later than December 2010 and continuing
> until in or about February 2011," Bevill used the mail and
> telephone calls to convince individuals to invest in Progressive
> Investment Partners ("Progressive"), a purported oil and gas

_____

motion under Federal Rule of Civil Procedure 41(b) for want of prosecution
due to his failure to provide the Court with any alternative address. FCR (CV
ECF No. 23). The District Court accepted the findings and recommendation
and entered judgment on April 17, 2018. Ord. (CV ECF No. 24) J. (CV ECF
No. 25). The next month, the Court received a notice from Bevill, stating that
he had been moved to the Federal Medical Center (FMC) in Fort Worth,
Texas, (CV ECF No. 27), and on June 11, 2018, the Court received Bevill's
motion to reconsider under Federal Rule of Civil Procedure 60(b)(6) and a
motion for a certificate of appealability. (CV ECF Nos. 28, 30.) Shortly
thereafter, the District Court denied both motions. (CV ECF Nos. 31, 32.)
Bevill then appealed to the Fifth Circuit Court of Appeals. (CV ECF No. 29.)
On October 27, 2021, the Fifth Circuit vacated the order of dismissal and
remanded the case for consideration of the merits of Bevill's claims. *United
States v. Bevill*, 2021 WL 4995478, at *1 (5th Cir. 2021) (per curiam).

company. Bevill falsified press releases and other documentation representing that Progressive had a ten-year history of business operations and hundreds of investors. As a result of this new scheme, Bevill obtained funds from two new investors, which he used for personal expenses.

In response to the instant charges, Bevill initially pleaded guilty to the money laundering charge pursuant to a written plea agreement. On September 2, 2010,[3] prior to sentencing, Bevill obtained permission to proceed *pro se*, although his attorney remained in a standby capacity. Bevill filed a *pro se* motion to withdraw his guilty plea. The district court granted Bevill's motion and allowed him to enter a plea of not guilty on all counts. Bevill also filed an omnibus motion requesting that the district court dismiss the indictment. He contended that the new prosecution violated the 2010 agreement because the Government had agreed not to charge him for any related conduct, and the conduct in the two cases was related because both involved the same type of fraudulent scheme and because much of the conduct underlying the new indictment occurred before the district court accepted his plea in January 2011. Bevill also challenged the later prosecution on double jeopardy and collateral estoppel grounds because he had pleaded to the "same crime" of defrauding investors.

The district court denied Bevill's omnibus motion to dismiss the indictment. The court rejected Bevill's double jeopardy and breach-of-the-plea arguments, noting that although the offenses alleged in the 2011 indictment involved a similar scheme to that alleged in the 2010 information, the fraudulent acts occurred at different times and involved different victims. The court pointed out that "Bevill's interpretation of double jeopardy and his plea agreement would seemingly grant him immunity from prosecution for future crimes, provided they were carried out in the same manner as his conduct in the 2010

---

[3] The Fifth Circuit's opinion states Bevill received permission to proceed *pro se* on September 2, 2010, but as the Government points out, that date appears to be a typographical error. Resp. 8 n.3 (CV ECF No. 12). Bevill first appeared in this case on February 23, 2011, and the record demonstrates that the District Court entered an order permitting self-representation on March 8, 2012, after a hearing held the same day. (CR ECF Nos. 3, 72, 214 (transcript of March 8, 2012 proceedings).)

case, an absurd result not required by the Fifth Amendment and contract interpretation." Bevill filed an interlocutory appeal challenging the denial of his double jeopardy and collateral estoppel claims. However, this Court granted the Government's motion to dismiss the appeal after determining that Bevill had failed to present a colorable double jeopardy claim.[4]

The Government filed a superseding indictment, charging Bevill with one count of mail fraud, two counts of securities fraud, and one count of wire fraud. The charging instrument alleged that each of Bevill's offenses occurred while he was on release in the first criminal case [case number 3:10-cr-326-B (1)], in violation of 18 U.S.C. § 3147. Following a bench trial based on a joint stipulation of evidence, the district court found Bevill guilty on all counts.

*United States v. Bevill*, 611 F. App'x 180, 180-82 (5th Cir. 2015) (per curiam) (footnote added).

At Bevill's sentencing on August 1, 2013, the District Court stated, "I think you probably are one of the more destructive individuals I have ever had in court before." (CR ECF No. 222 at 75.) The District Court further stated, "Considering what's going on here and what you have done, the two crimes, you get out of jail and you immediately go back and do the same thing. Absolutely no justification for it, except self-considerations. Your own self-destructive considerations." *Id.* at 76. The Court then sentenced Bevill to a total of 360 months' imprisonment. On each of counts one through four of the superseding indictment, he received a term of 240 months' imprisonment, to run concurrently, plus a term of 60 months' imprisonment

---

[4] *United States v. Bevill,* 508 F. App'x. 333, 334–35 (5th Cir.2013).

4

under 18 U.S.C. § 3147, for a total term of 300 months' imprisonment. Bevill also received 60 months' imprisonment for the conduct charged in the 2010 information, and the Court ordered that term to run consecutive to the sentence imposed in this case, for a total term of 360 months' imprisonment. The Court further ordered Bevill to pay restitution in the amount of $212,600.00.

The Fifth Circuit affirmed Bevill's convictions and sentence, concluding, among other things, that:

> [T]he Sentencing Guidelines allow a sentencing judge to consider a broad range of a defendant's conduct as relevant conduct when determining an appropriate sentence, including similar offenses such as Bevill's long-standing scheme defrauding investors by selling fraudulent oil and gas investment.

Bevill, 611 F. App'x 183. The Supreme Court denied Bevill's petition for a writ of certiorari. See Bevill v. United States, 577 U.S. 1017 (2015).

Bevill then filed this § 2255 motion, in which he argues:

(1) his first attorney, William D. Cox, III, provided ineffective assistance of counsel during plea negotiations;

(2) his second attorney, Joseph J. Padian, provided ineffective assistance of counsel at trial by refusing to point out to the prosecutor that Bevill's conviction was illegal to allow him to secure a similar, legitimate plea deal;

(3) Padian provided ineffective assistance of counsel on appeal by refusing to brief a stronger issue related to his sentencing under United States Sentencing Guidelines (U.S.S.G.) § 5G1.3(b); and

> (4) Padian provided ineffective assistance of counsel on appeal when he refused to brief a stronger issue related to sentencing under 18 U.S.C. § 3147.

The Government responds that Bevill's motion should be denied because: (1) his convictions and sentence resulted from his criminal conduct and ill-fated strategy to avoid prosecution completely, not from his attorney's representation (claims one and two); and (2) he fails to prove that Padian provided ineffective assistance of counsel on appeal (claims three and four). The matter is fully-briefed and ripe for determination.

### Legal Standards and Analysis

To succeed on a claim of ineffective assistance of counsel, a movant must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id*. at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

1. Ineffective Assistance of Trial Counsel

In his first claim, Bevill argues that his original attorney, Cox, acted with "incompetence during plea negotiations." Mot. 5 (CV ECF No. 2); *see also* Mem. 2, 20-24 (CV ECF No. 3). He claims that if Cox had provided effective assistance of counsel during plea negotiations, he would have entered a "legitimate" guilty plea to a "valid" offense with a sentence of less than ten years, his plea would not have been reversed, and his sentence would have been significantly less harsh than the sentence he received. Mot. 5 (CV ECF No. 2); Mem. 2 (CV ECF No. 3). As a remedy, Bevill concludes that he is entitled to the sentence he would have received if Cox had provided competent assistance of counsel. Mem. 24-25 (CV ECF No. 3).

Bevill argues in his second claim that his substitute counsel, Padian, provided ineffective assistance of counsel by refusing to point out to the prosecutor, AUSA Buie, that his guilty plea was "illegal" and move to replace it with a "similar, legitimate plea deal." Mot. 6 (CV ECF No. 2); Mem. 2, 12-

18 (CV ECF No. 3). He further argues that the plea deal offered to him was inappropriate because his conduct did not violate the referenced statute. Mot. 6 (CV ECF No. 2). He claims that Padian refused to do as he directed, informed him there was no error, and—when Bevill later sought to proceed *pro se*, the "plea opportunity [with Buie] had passed." *Id.*; Mem. 13-14 (CV ECF No. 3). Bevill concludes that but for Padian's deficient performance, he would have received a 15-year sentence rather than a 25-year sentence. Mot. 6 (CV ECF No. 2); Mem. 15-18 (CV ECF No. 3).

The Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers, and effective counsel is "a right that extends to the plea bargain process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Missouri v. Frye*, 566 U.S. 134, 144-45 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. A movant must prove "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

Bevill pleaded guilty on May 11, 2011.[5] (CR ECF No. 25) Then, on December 15, 2011, Bevill moved to withdraw his guilty plea for a "multitude of reasons." (CR ECF No. 56 at 1.) The Government eventually agreed that Bevill should be allowed to withdraw his guilty plea on the basis that his Factual Resume did not allege a sufficient factual basis to support his guilty plea to count three of the indictment. (CR ECF Nos. 97.) Considering the Government's concession, on June 29, 2012, the District Court granted Bevill's motion to withdraw his guilty plea. (CR ECF No. 103.) On August 21, 2012, the Government filed the superseding indictment. (CR ECF No. 114.)

Bevill claims that, following the dismissal of his guilty plea, he sought a "replacement plea deal," but he did not receive one. *See* Mem. 13 (CV ECF No. 3) ("Petitioner asked counsel to point out the mistake to AUSA Buie so [counsel] could secure a legitimate plea deal to replace the illegal deal.). However, the record reflects that he actually moved for a complete dismissal of the case, or a conditional plea agreement, which would have allowed him to seek relief in the Fifth Circuit. See *id.* ("And Petitioner stressed, as part of the replacement plea deal, he wanted a conditional plea so he could preserve for appellate review his newfound double jeopardy claim.").

Bevill blames his trial attorneys, Cox and Padian, because he received a less favorable plea offer from the Government after his guilty plea was

_____

[5] On May 11, 2011, Bevill was represented by Cox. Prior to sentencing, however, Cox withdrew, and Padian was appointed.

withdrawn. But Bevill has not demonstrated ineffective assistance of counsel under *Strickland*. While a defendant has the right to effective assistance of counsel in the plea-bargaining process, *Lafler*, 566 U.S. at 162; *Frye*, 566 U.S. at 144-45, he has no right to a plea agreement with specific terms. *Lafler*, 566 U.S. at 168 (There is "no right to be offered a plea . . . nor a federal right that the judge accept it.") (quoting *Frye*, 566 U.S. at 1410). Likewise, an attorney does not have the ability to dictate the terms of any plea agreement offered by the Government. *See United States v. Rice*, 607 F.3d 133, 144 (5th Cir. 2010) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)). Bevill argues that his "earlier plea opportunity had passed." Mot. 5 (CV ECF No. 2). This claim is based on his assumption that the prosecutor who agreed to the earlier plea agreement but left the prosecutor's office before the case was resolved would have also given Bevill the conditional plea agreement he wanted. However, Bevill has failed to point to any record evidence that the Government through a particular prosecutor was more likely to offer him the conditional deal he wanted or a deal that would have allowed him to plead guilty to a ten-year offense that could be challenged on direct appeal. The record reflects that the prosecutors assigned to Bevill's case opposed his motions attempting to bar the Government's prosecution. For these reasons, Bevill cannot demonstrate that Cox or Padian provided deficient performance under *Strickland*, and the Court need not address prejudice. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court

need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."); *see also Okechuku v. United States*, 2021 WL 2690091, at *9 (N.D. Tex. June 14, 2021), *rec. adopted* 2021 WL 2685283 (N.D. Tex. June 30, 2021). Bevill's first and second claims should be denied.

2. Ineffective Assistance of Appellate Counsel

In Bevill's third claim, he argues that his appellate attorney, Padian, provided ineffective assistance of counsel by briefing a frivolous issue rather raising a clearly stronger, more meritorious issue. Mot. 8 (CV ECF No. 2); Mem. 2-3, 36-38 (ECF No. 3). He further argues that he was sentenced for the exact same conduct charged in the 2010 information and the superseding indictment. Mot. 8 (CV ECF No. 2); Mem. 2-3, 36-38 (CV ECF No. 3). He claims that because he was sentenced for the same conduct in both cases, the District Court was required to run his sentences concurrently under U.S.S.G § 5G1.3(b). Mot. 8 (CV ECF No. 2). He further claims that the District Court departed without explanation and ran his sentences consecutively. *Id.* He contends that "in spite of controlling precedent, appellate counsel refused to brief this issue on appeal, and instead chose to bring a single issue that the district court had already found to be frivolous." *Id.*; *see also* Mem. 2-3, 36-38 (CV ECF No. 3). Bevill concludes that if Padian had briefed this issue, there is a reasonable probably that the Fifth Circuit would have remanded his case for resentencing. Mem. 38 (CV ECF No. 3).

Last, Bevill argues in his fourth claim that Padian provided ineffective assistance of counsel by briefing an issue that was "patently frivolous" and refusing to brief an issue that was clearly much stronger. Mot. 9 (CV ECF No. 2); Mem. 3, 36-41 (CV ECF No. 3). He further argues that a sentencing enhancement under 18 U.S.C. § 3147 cannot result in a sentence greater than the statutory maximum for the underlying crimes, as it did in his case. Mot. 9 (CV ECF No. 2); Mem. 3, 36-41 (CV ECF No. 3).

The two-part *Strickland* test applies to claims of ineffective assistance of appellate counsel. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). "Effective appellate counsel should not raise every nonfrivolous argument on appeal[.]" *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017).; *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Rather, to be deficient performance, the decision by appellate counsel not to raise an issue must fall "below an objective standard of reasonableness." *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688); *see also United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). Reasonableness under *Strickland* requires an attorney to present "[s]olid, meritorious arguments based on directly controlling precedent," in a manner consistent with their obligation to "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Williamson*, 183 F.3d at 462-63 (5th Cir. 1999). When assessing whether

appellate counsel was deficient, a court must evaluate whether the omitted challenge "would have been sufficiently meritorious such that [the appellate attorney] should have raised it on appeal." *Phillips*, 210 F.3d at 348; *see also Higgins v. Cain*, 720 F.3d 255, 265 (5th Cir. 2013) (finding that appellate counsel was not unreasonable under *Strickland* "given the weaknesses in those arguments, it is at least arguable that a competent attorney could decide to forgo raising them").

In support of his third claim, Bevill relies on cases issued prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Lynch*, 378 F.3d 445 (5th Cir. 2004); *United States v. Rangel*, 319 F.3d 710, 715 (5th Cir. 2003); *United States v. Bell*, 46 F.3d 442, 446 (5th Cir. 1995). Mem. 37 (CV ECF No. 3). *Booker* held that the portion of the Guidelines that made them mandatory was unconstitutional. *Booker*, 543 U.S. at 243–244; *see also Rita v. United States*, 551 U.S. 338, 354 (2007); *United States v. Mares*, 402 F.3d 511, 520-21 (5th Cir. 2005). After *Booker*, "[a] sentence is ultimately reviewed for 'unreasonableness.'" *United States v. Candia*, 454 F.3d 468, 472 (5th Cir. 2006) (quoting *United States v. Smith*, 440 F.3d 704, 705 (5th Cir. 2006)). Consequently, Padian had no duty to raise a meritless argument on appeal. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of

counsel claim[.]"); *see also United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

With respect to his fourth claim, Bevill argues Padian was deficient because he failed to raise a sentencing-enhancement issue under § 3147. In a joint PSR, the Probation Officer found that because Bevill committed the offenses charged in the superseding indictment while on release in the earlier case, the statutory maximum for each offense in this case increased from 20 years to 30 years of imprisonment. *See* Revised PSR ¶ 69 (referring to the enhanced penalty under § 3147(1) of which Bevill was admonished)). In Bevill's objections, he referenced *United States v. Dison*, 573 F.3d 204 (5th Cir. 2009), which he argued held that § 3147 did not authorize an increase in the statutory maximum imprisonment for the underlying offense. (CR ECF No. 192 at 2.) The District Court disagreed and held that *Dison* was distinguishable, as discussed in *United States v. Lewis*, 660 F.3d 189 (3d Cir. 2011). (CR ECF No. 222 at 31.)

The District Court considered and rejected the argument Bevill now contends his appellate attorney, Padian, should have raised on appeal. Bevill concedes that just as in *Lewis*, "the Fifth Circuits['] statements in *Dison* are dicta," but nonetheless, he argues that Padian should have raised them "as persuasive authority." Mem. 40 (CV ECF No. 3).

Notably, Bevill fails to come forward with binding authority available at that time to support the argument he claims his appellate attorney erred

by failing to make before the Fifth Circuit Court of Appeals. Moreover, the District Court addressed and rejected the same argument at sentencing based on *Lewis,* 660 F.3d at 192, which held that "[Section] 3147 can increase the statutory maximum sentence for the underlying felony offense committed while on pretrial release by ten years."

In sum, Bevill cannot demonstrate that Padian provided deficient performance under *Strickland*, and the Court need not address prejudice. *See Amos,* 61 F.3d at 348; *see also Okechuku,* 2021 WL 2690091, at *9. Bevill's third and fourth claims should be denied.

III.

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed December 30, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).