IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA WAYNE BEVILL, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:16-cv-03152-B-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are two motions by Joshua Wayne Bevill to proceed *in forma pauperis* on appeal (ECF Nos. 59, 61). For the following reasons, the Court should deny Bevill's motions.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether

good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

II.

Bevill initiated this action by filing a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 2.) The Court dismissed his case without prejudice under Federal Rule of Civil Procedure 41(b). Bevill appealed to the Fifth Circuit Court of Appeals, and the Fifth Circuit vacated this Court's judgment and remanded the case back to this Court for further proceedings. Thereafter, the undersigned United States magistrate judge addressed each of Bevill's claims, determined they were meritless, and recommended the Court deny Bevill's § 2255 motion. FCR (ECF No. 46). Bevill filed objections. (ECF No. 47). On March 21, 2022, the District Court overruled Bevill's objections, accepted the recommendation, denied a certificate of appealability (COA), and entered judgment. Ord. (ECF No. 53); J. (ECF No. 54.) At that time, the Court found, "[c]onsidering the specific facts of this case and the relevant law, the Court fails to find that 'jurists

2

could debate the propriety' of the actions taken in this order or otherwise conclude 'that [the] claims are adequate to deserve encouragement to proceed further.'" Ord. 2-3 (ECF No. 53) (quoting *United States v. Wainwright*, 237 F. App'x 913, 914 (5th Cir. 2007) (per curiam); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); and citing *Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006)). The Court also certified that any appeal of this action would not be taken in good faith. *Id.*

As discussed, the Court previously concluded that Bevill's claims did not deserve further encouragement and denied a certificate of appealability. The Court also found that any appeal would not be taken in good faith. Incorporating the magistrate judge's Findings, Conclusions, and Recommendation and the Court's adoption order, which denied a certificate of appealability and found any appeal would not be taken in good faith, the Court should certify that the appeal is not taken in good faith. Specifically, the appeal presents no legal point of arguable merit, and it would be frivolous. *See Howard*, 707 F.2d at 220.

### III.

The Court should find Bevill's appeal is not taken in good faith and DENY his motions for leave to proceed *in forma pauperis* on appeal.

If the Court denies Bevill's requests to proceed *in forma pauperis* on appeal, he may challenge that finding, by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States

3

Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed May 19, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).